**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRELL TAYLOR HINES | |
| Appellant | No. 2733 EDA 2015 |

Appeal from the PCRA Order August 19, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000022-2013

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 12, 2016**

Tyrell Taylor Hines appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] entered in the Court of Common Pleas of Lehigh County.  Upon review, we affirm.

In his direct appeal from his judgment of sentence, this Court summarized the facts underlying his conviction as follows:

> On October 24, 2012, members of the Allentown Police Department executed a search warrant at Hines' residence, which he shared with his brother.  The search warrant permitted a search for items related to the distribution of controlled substances, including firearms and other weapons.  When the officers entered the residence, they encountered Hines and his three adolescent daughters in the living room.  Detective Jack Gill removed Hines to the kitchen where he explained the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

warrant to him. Hines immediately expressed his willingness to cooperate with the officers. As the search proceeded, two handguns were recovered from two separate bedrooms, along with various types of ammunition. The detectives then questioned Hines about a specific firearm, a .9 caliber Baretta. Hines initially told the detectives that the Baretta was in New Jersey. When the police told Hines that they would transport him to New Jersey so that he could show them where it was, Hines changed his story. After procuring a promise that he would be allowed to remain in the house overnight with his daughters, Hines told the police that the Baretta was in his vehicle, which was parked in the driveway. After Hines executed a form consenting to the search of his car, the police recovered the Baretta from a speaker box in the trunk of the car.

. . .

Hines was subsequently arrested. The initial criminal information filed by the Commonwealth charged Hines with one count each of persons not to possess firearms, firearms not to be carried without a license, receiving stolen property, and possession of drug paraphernalia. The information was later amended to provide that Hines was being charged with three counts of persons not to possess firearms.

*Commonwealth v. Hines*, 3196 EDA 2013, at 1-2 (Pa. Super. 2014) (internal citations omitted).

On March 15, 2013, Hines filed an omnibus pre-trial motion including a motion to suppress physical evidence (alleging the search warrant lacked probable cause) and statements he gave to the police (claiming the statements were involuntary and he was not *Mirandized*[2]). After an evidentiary hearing was held regarding these motions, on April 18, 2013, the motion to suppress was denied. On September 10, 2013, after a jury trial,

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

- 2 -

Hines was found guilty on all three counts of persons not to possess, use, manufacture, control, sell or transfer firearms.[3]   On October 17, 2013, the court sentenced Hines to an aggregate sentence of 8 to 20 years' incarceration.

Following a timely direct appeal, this Court affirmed Hines' judgment of sentence on August 5, 2014.  On May 5, 2015, Hines filed a *pro se* PCRA petition in the Court of Common Pleas of Lehigh County.  Appointed counsel filed an amended PCRA petition on June 12, 2015.  On July 20, 2015, the PCRA court held an evidentiary hearing.  Subsequently, on August 19, 2015, Hines' petition was denied.

Hines filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Hines raises the following issues for our review:

> 1.   Did the trial court err in finding that counsel was not ineffective for the following reasons:
>
>> A. Failing to pursue the validity of the search warrant for lack of probable cause since it did not indicate the veracity of the confidential informant.  This issue was raised in a pretrial suppression motion which was denied by the trial court, and never pursued on appeal to the Superior Court; [and]
>>
>> B. Failing to pursue the denial of the motion to suppress the statements as being involuntary and failure of the police to **Mirandize** the defendant.  This issue was raised in a pretrial suppression motion which was denied by the

---

[3] 18 Pa.C.S. § 6105(a)(1).

- 3 -

trial court, and never pursued on appeal to the Superior Court.

Brief for the Appellant, at 4.

When considering an order disposing of a petition under the PCRA, we review it

> in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of [the] record and is free of legal error. Further, we afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

*Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (en banc) (internal citations and quotations omitted).

To be eligible under the PCRA for relief on an ineffectiveness of counsel claim, petitioner must prove by a preponderance of the evidence that the conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(2)(ii). To prove this claim, the petitioner must establish: "(1) that the underlying issue has arguable merit; (2) counsel's action lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Stewart*, 84 A.3d at 706.

Arguable merit exists when the factual statements are accurate and "could establish cause for relief." *Id.* at 707. To prove counsel's strategy lacked an objective reasonable basis, it must be proven that the alternative

not chosen offered a potential for success substantially greater than the strategy pursued. *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). The law presumes that counsel was effective. *Id.*

The thrust of Hines' issue on appeal is that his trial counsel was ineffective for not appealing the trial court's denial of his motion to suppress. Specifically, Hines contends that Detective Jack Gill was not familiar with the confidential informant in the case and could not attest to his veracity; therefore, the search warrant lacked probable cause.

When evaluating a trial court's refusal to suppress evidence, the appellate court must determine:

> [W]hether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Manley*, 985 A.2d 256, 263 (Pa. Super. 2009) (citations omitted).

Article I, Section 8 of the Pennsylvania Constitution protects citizens of the Commonwealth against unreasonable searches and seizures, and

requires that a warrant: (1) describe the place to be searched and items to be seized with specificity; and (2) be supported by probable cause to believe that the items sought will provide evidence of a crime. *Commonwealth v. Waltson*, 724 A.2d 289, 292 (Pa. 1998). Pennsylvania has adopted the "totality of the circumstances" test expounded in *Illinois v. Gates*, 462 U.S. 213 (1983), which tasks the issuing authority with making "probable cause determinations [] based on [a] common sense non-technical analysis." *Commonwealth v. Gray*, 503 A.2d 921, 925 (Pa. 1985). The reviewing court affords the magistrate judge deference, and must determine if the magistrate had a substantial basis for concluding that probable cause existed. *Id.*

Hines argues that because Detective Gill was not familiar with the confidential informant that provided information, probable cause did not exist for a search warrant. However, as our Supreme Court has held:

> [A] determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner. Thus, an informant's tip may constitute probable cause where police independently corroborate the tip . . . or where the informant himself participated in the criminal activity. The corroboration by police of significant details disclosed by the informant in the affidavit of probable cause meets the *Gates* threshold.

*Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (internal citations omitted).

Instantly, Detective Gill submitted an application for a search warrant and an affidavit stating probable cause for the warrant. Hines argues that

- 6 -

because the confidential informant was an informant of another Detective, Detective Gill could not rely on him/her for probable cause. This argument that the search warrant lacked probable cause is meritless. The police independently verified the confidential informant's information through a controlled buy where the informant was searched for weapons, money, and controlled substances before and after entering Hines' house. The informant returned directly to the detectives after leaving the house with heroin. Moreover, while the informant was in the house, police observed another vehicle pull up and multiple individuals enter the house. Upon being stopped later, one of the passengers was found with heroin and pills and stated they had been purchased at the house.

When viewed in a common sense, non-technical manner, the magistrate judge had a substantial basis for concluding probable cause existed for a search warrant based upon the confidential informant's participation in the controlled buy and later police corroboration. *Gray*, *supra*; *Clark*, *supra*.

Hines next argues that trial counsel was ineffective for not appealing the trial court's denial of his motion to suppress regarding his statements to police. He claims that the statements were involuntary and he was not provided his *Miranda* warnings. At the motion to suppress hearing, Hines testified that he was not read his *Miranda* rights, although he signed a Lehigh County Detectives/Drug Task Force *Miranda* Warnings and

Statement Form on October 24, 2012, and Detective Gill testified that he provided Hines his *Miranda* rights.

A court must determine if inculpatory statements were made voluntarily to determine if they should be suppressed. *Commonwealth v. Nester*, 709 A.2d 879, 882 (Pa. 1998). When reviewing the voluntariness of inculpatory statements, the court must examine the "totality of the circumstances." *Commonwealth v. Templin*, 795 A.2d 959, 961 (Pa. 2002). This determination requires an assessment of: "[1] the duration and means of the interrogation; [2] the physical and psychological state of the accused; [3] the conditions attendant to the detention; [4] the attitude of the interrogator; and [5] any and all other factors that could drain a person's ability to withstand coercion." *Commonwealth v. Roberts*, 969 A.2d 594, 599 (Pa. Super. 2009) (quoting *Nester*, 709 A.2d at 882). Moreover, regarding *Miranda* rights, the most significant factor is that the defendant was fully aware of and expressly waived those rights before any substantive questioning began. *Templin*, 795 A.2d at 966.

Here, Detective Gill testified that after entering the house, he verbalized the *Miranda* warnings to Hines. Detective Frank O'Hara was also present and corroborated that Detective Gill *Mirandized* Hines. According to Detectives Gill and O'Hara, after being provided his *Miranda* rights, Hines verbally waived those rights. Moreover, not only did Hines waive his *Miranda* rights, he knowingly expressed a willingness to be a confidential informant and cooperate with the detectives. He provided the detectives

with five or six names of individuals whom he had drug-related relationships with (whether it was selling them drugs or doing drugs with them). Additionally, Hines signed a *Miranda* waiver form after being informed what it was, further evincing his knowing and intelligent waiver of his rights.

We also note that Hines was interviewed in his basement by detectives in plain clothes, which is less psychologically draining than an interview at the station-house by officers in uniform. Hines specifically requested that the interview occur in his basement, so that his daughters would not be able to hear the interview, and the detectives agreed. The interview lasted approximately one hour, which is not unduly long. *See Commonwealth v. Taylor*, 431 A.2d 915, 918 (Pa. 1981) (holding interrogation lasting slightly over an hour did not psychologically coerce defendant's confession). Hines stated that he understood the police officers and his *Miranda* rights, and at no point did Hines ask for counsel or request that the interview stop. Accordingly, the totality of the circumstances demonstrates that Hines' confession was voluntary, *Nester*, *supra*, and the court's denial of the motion to suppress is supported by the record. *Manley*, *supra*.

Based upon the foregoing, we conclude that Hines' underlying claims are meritless. In order to succeed on a claim that counsel was ineffective, the underlying claims must have arguable merit. *Stewart*, 84 A.3d at 706. Moreover, "[t]rial counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004) (citing *Commonwealth v. Smith*, 650 A.2d 863, 866 (Pa. 1994)).

Accordingly, the trial court did not err in holding that trial counsel was not ineffective.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016