J-S27005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANJOHNITO WILLET | : | |
| | : | |
| Appellant | : | No. 1263 WDA 2020 |

Appeal from the PCRA Order Entered October 20, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001222-2014

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                     **FILED:  December 7, 2021**

Appellant, Anjohnito Willet, appeals *pro se* from an order entered on October 20, 2020 that denied his first petition for collateral relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Previously, this Court set forth the history underlying the instant appeal as follows:

> On November 13, 2013, as four students were leaving Brashear High School in Pittsburgh, Pennsylvania, shots rang out from a hill in the woods across the street from the school. Two of the students sustained head wounds from the shooting.  The injured students were able to retreat back into the school as police responded to the scene.  An eyewitness reported seeing a male wearing a red hooded sweatshirt on the hill across from Brashear High School, watching students running away.  Upon further investigation, police learned that the targeted students had been

---

[*] Retired Senior Judge assigned to the Superior Court.

involved in a physical altercation with [Appellant] a month prior to the incident[,] and [Appellant] told a security guard that he was going to come back and shoot one of them.

Investigating officials were dispatched to a duplex building, in the Beechview section of Pittsburgh, to execute a search warrant where [Appellant] was thought to reside. Police arrested [Appellant] and interviewed him along with two other men, Antoine Lewis [("Lewis")] and Tyron Harris [("Harris")], who were with [Appellant] before and after the shootings and were at the duplex when police arrived. [Appellant] and Harris lived next door to each other in the duplex. Lewis had been living with Harris. Harris told police that he and [Appellant] walked through the woods towards Brashear High School around dismissal time on the day of the incident and that he witnessed [Appellant] fire shots towards students. Lewis told police that, after the shooting, [Appellant] and Harris asked him to dispose of a gun and bullet magazine wrapped in a towel. Lewis told police that he put the gun and magazine into a book bag and took it to his great grandmother's house. At trial, however, Harris and Lewis recanted their statements to police.

The following evidence was also adduced at trial. Police conducted tests on [Appellant], Lewis, and Harris for gunshot residue shortly after the shooting. All three men tested positive, but only [Appellant] had traces of residue on both of his hands. Upon executing the search warrant at the duplex, police recovered evidence that [Appellant] resided in a bedroom on one side of the duplex. From that bedroom, they recovered eight .357 caliber bullets in a bag next to the bed. On the other side of the duplex, Harris'[s] residence, police recovered two red hooded sweatshirts, two smartphones, brass knuckles, ten packets of heroin, and an unfired .22 caliber bullet. Upon analyzing one of the recovered cellular telephones, police discovered photos of one of the shooting victims taken hours before a physical altercation that occurred in October 2013 and 23 photos of [Appellant], including a "selfie." There was only one contact listed on that phone and it was for Harris. At trial, the Commonwealth entered the telephone into evidence and police testified that they believed it belonged to [Appellant]. Police also recovered a book bag from the residence where Harris'[s] great-grandmother lived. The bag contained a .357 magnum Ruger revolver and a magazine containing .22 caliber bullets. Finally, police recovered three .22 caliber bullets from the shooting victims. At trial, the Commonwealth presented

a firearm expert who opined that all of the bullets recovered from the victims were fired from the same gun, but that it was not possible to fire a .22 caliber bullet from a .357 magnum firearm.

On February 2, 2016, a jury convicted [Appellant] of one count of [c]riminal [a]ttempt-[h]omicide, three counts of [a]ggravated [a]ssault, one count of possession of a firearm by a minor, and four counts of recklessly endangering another person ("REAP"). [*See* 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 6110.1(a), 2705.] [Appellant] was found not guilty on two other counts of criminal attempt-homicide. On May 4, 2016, [the trial court] sentenced [Appellant] to an aggregate term of incarceration of twelve to thirty years with two years of probation consecutive to confinement.

[This Court affirmed Appellant's judgment of sentence on January 30, 2018. Appellant thereafter filed a *pro se* PCRA petition on January 29, 2019. Counsel was appointed but subsequently filed a petition to withdraw. The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Before the PCRA court dismissed Appellant's petition, however, Appellant filed a *pro se* response to the notice raising additional issues. On July 31, 2019, the PCRA court formally dismissed Appellant's petition and granted counsel's request to withdraw from representation. Appellant filed a notice of appeal on August 16, 2019 and a concise statement of errors complained of on appeal on September 9, 2019. In its October 17, 2019 opinion, the PCRA court asked that this case be remanded to address issues raised *pro se* after PCRA counsel requested leave to withdraw. On June 9, 2020, this Court issued a remand order directing counsel to address the issues Appellant raised *pro se*. Counsel thereafter filed a second "no merit" letter on September 21, 2020 and the PCRA court dismissed Appellant's petition on October 20, 2020. Appellant filed a notice of appeal on November 20, 2020 and a concise statement on December 10, 2020.[1]]

---

[1] We shall treat Appellant's notice of appeal as timely filed pursuant to the prisoner mailbox rule. *See **Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).

- 3 -

***Commonwealth v. Willet***, 183 A.2d 1095 (Pa. Super. 2018) (unpublished memorandum at 1-4).

Appellant presents the following claims for our review:

1. Was pre-trial counsel ineffective in failing to file a motion seeking *habeas corpus* relief before trial alleging that the Commonwealth failed to establish a *prima facie* at Appellant's preliminary hearing?

2. Was trial counsel ineffective for failing to introduce exculpatory evidence prior to trial and in failing to file a motion to suppress Tyron Harris's initial statement to investigating authorities?

3. Was PCRA counsel ineffective for failing to amend Appellant's initial PCRA petition to include the issues set forth above?

4. Did the PCRA court err in granting PCRA counsel's motion to withdraw and in deeming Appellant's PCRA petition meritless since pre-trial counsel was ineffective for failing to file a motion for *habeas corpus* prior to trial?

Appellant's Brief at 2-3 (cleaned up).

Appellant challenges an order that dismissed his petition filed pursuant to the PCRA. We evaluate such orders pursuant to a well-settled standard of review.

We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a de novo standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Moreover, Appellant's claims turn largely on his assertion that trial counsel was ineffective. Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[ ] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Appellant argues in his first issue that the Commonwealth relied exclusively on hearsay evidence and that it therefore failed to establish a *prima facie* case at his preliminary hearing. Because of this, Appellant claims that trial counsel was ineffective in failing to file a *habeas corpus* motion seeking his release from custody. This claim merits no relief.

Our review of the record reveals that, by the time Appellant's preliminary hearing commenced, several eyewitnesses in this matter, including the victims, declined to cooperate with the Commonwealth or elected to recant their original statements to police. As a result, the investigating

detectives who testified on behalf of the Commonwealth offered several out-of-court statements relayed to them by Harris and Lewis. Counsel for Appellant at the preliminary hearing (who did not serve as Appellant's trial counsel) objected throughout the proceedings to references to out-of-court statements. ***See*** N.T. Preliminary Hearing, 1/22/14, at 29, 30, 31, 33, and 48. Nevertheless, the investigating detectives confirmed that they recovered a firearm and ammunition from the precise location where Lewis told them these items would be located. This testimony corroborated Lewis's original, out-of-court statement to the police that he disposed of a gun and magazine in accordance with a post-shooting request by Appellant and Harris. The substance of Lewis's declaration, together with the corroborating circumstances confirmed by investigating authorities, established Lewis's utterance as a statement against his penal interest, which fell within an exception to the rule against hearsay.[2] ***See*** Pa.R.E. 804(b)(3). Thus, the issuing authority's finding that the Commonwealth established a *prima facie* case against Appellant was not exclusively based upon inadmissible hearsay statements.

The use of hearsay testimony at a preliminary hearing is addressed in Pa.R.Crim.P. 542(E). It provides that

---

[2] Even if we viewed Lewis's statement as an example of hearsay within hearsay because it referred to out-of-court declarations made by Appellant and Harris, those statements too would be subject to the hearsay exception applicable to statements against penal interest.

[h]earsay[,] as provided by law[,] shall be considered by the issuing authority in determining whether a prima facie case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

Pa.R.Crim.P. 542(E).

Our Supreme Court addressed the operation of Rule 542(E) within the context of a claim asserting that the Commonwealth's exclusive reliance upon hearsay evidence to establish a *prima facie* case at a preliminary hearing constituted a violation of due process. In ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020), the Court concluded that Rule 542(E) cannot be construed to mean that hearsay alone is sufficient to establish a *prima facie* case at a preliminary hearing. ***Id.*** at 734. The Court observed that a preliminary hearing is a critical stage of the criminal process to which due process rights attach. ***Id.*** at 736. Due process, as a flexible concept, "allows some use of hearsay," ***id.*** at 735, but "does not permit hearsay evidence alone to establish all elements of all crimes for purposes of establishing a *prima facie* case at a defendant's preliminary hearing." ***Id.*** at 734. Appellant cites ***McClelland*** in support of his claim.

In this case, while the issuing authority may have relied in part on hearsay in determining that the Commonwealth established a *prima facie* case, it is equally clear that hearsay evidence was not used to establish all of the elements for each offense with which Appellant was charged. "[A] preliminary hearing seeks to prevent a person from being imprisoned or

- 7 -

required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection." *Id.* at 736. No one contends in this case that a crime was not committed, and the Commonwealth came forward at the preliminary hearing with admissible, non-hearsay evidence (or hearsay subject to an exception) which connected Appellant to the instant offenses. Accordingly, no due process violation is established by the record and trial counsel was not ineffective in failing to file a motion seeking *habeas corpus* relief based upon alleged deficiencies in the preliminary hearing record.[3, 4]

In his second claim, Appellant asserts that trial counsel was ineffective for failing to move to suppress statements made by Harris and for failing to introduce Harris's recantation letter at trial. The PCRA court has adequately addressed this claim in its opinion, and we adopt its reasoning as our own. For the reasons expressed by the PCRA court, we deny relief on this claim. *See* PCRA Court Opinion, 1/27/21, at 4-5.

_____

[3] Since Appellant's fourth issue rests on the same substantive basis as his first issue, we conclude that Appellant's fourth claim also merits no relief. We need not further discuss Appellant's fourth claim.

[4] *McClelland*, which arguably clarified the scope of permissible uses of hearsay under Rule 542(E) at preliminary hearings, was decided in 2020 and, thus, offers little to no support for a claim of ineffectiveness predicated upon the actions of counsel between 2014 and 2016. *See Commonwealth v. Dennis*, 950 A.2d 945, 978 (Pa. 2008) (trial counsel not ordinarily held ineffective for failing to anticipate changes in the law).

Finally, Appellant asserts in his third issue that PCRA counsel was ineffective for failing to amend his initial PCRA petition to include the first and second issues set forth above. As we have concluded that both of Appellant's claims are without merit, this contention fails.

Because we rely in part on the PCRA court's January 27, 2021 opinion, any future filings related to this appeal shall include a copy of said opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021

**Allegheny County - Department of Court Records**
**Criminal Division - Filings Information**

County caseID:CP-02-CR-0001222-2014 (OPINION)
Case Description: COMMONWEALTH OF PENNSYLVANIA v. LNAME WILLET
Official Docket Entry, Sort By Document Number Ascending

| Document Number | Title/Entry | Filing Date |
|---|---|---|
| 1 | OPINION | 01/27/2021 |

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

ANJOHNITO WILLET

Appeal of:

ANJOHNITO WILLET,

    Appellant

CRIMINAL DIVISION

CP-02-CR-01222-2014

**OPINION**

Honorable Jill E. Rangos
326 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

Copies to:

Ahjohnito Willet
MN 2045
SCI Pine Grove
191 Fyock Road
Indiana, PA 15701

Michael Streily
Office of the District Attorney
401 County Courthouse
436 Grant Street
Pittsburgh, PA 15219



# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

ANJOHNITO WILLET

CRIMINAL DIVISION

CP-02-CR-01222-2014

## OPINION

**RANGOS, J.**

**January 27, 2021**

On February 2, 2016, a jury convicted Appellant, Anjohnito Willet, of one count of Criminal Attempt-Homicide, three counts of Aggravated Assault, one count of Possession of a Firearm by a Minor, and four counts of Recklessly Endangering Another Person ("REAP").[1] On May 4, 2016, this Court sentenced Appellant to an aggregate term of incarceration of twelve to thirty years with two years of probation consecutive to confinement. The Superior Court of Pennsylvania affirmed the judgment of sentence on January 30, 2018. Next, Appellant filed a *pro se* PCRA Petition on January 29, 2019. Appointed counsel filed a *Turner/Finley* "no merit" letter, and on July 31, 2019, this Court dismissed the PCRA Petition. Appellant filed a Notice of Appeal on August 16, 2019 and a Concise Statement of Errors Complained of on Appeal on September 9, 2019.

In this Court's October 17, 2019 Opinion, this Court requested the case be remanded to address issues raised *pro se* after appointed counsel filed a *Turner/Finley* letter. On June 9, 2020, the Superior Court of Pennsylvania remanded and instructed counsel to address the issues raised *pro se*.

---

[1] 18 Pa.C.S. §§ 901(a), 2702(a)(1), 6110.1(a), 2705, respectively. Appellant was found not guilty on two other counts of Criminal Attempt-Homicide.

2

Counsel filed a second *Turner/Finley* on September 21, 2020. This Court dismissed the PCRA petition on October 20, 2020. Appellant filed a Notice of Appeal on November 20, 2020 and a Concise Statement on December 10, 2020.

## ERRORS COMPLAINED OF ON APPEAL

Appellant alleges four errors on appeal. Appellant alleges that pre-trial counsel was ineffective for failing to file a habeas corpus motion. Appellant next alleges that trial counsel was ineffective for failing to introduce exculpatory evidence and failing to file a motion to suppress a statement by the witness Tyron Harris. Appellant alleges PCRA counsel was ineffective for failing to amend Appellant's initial PCRA petition to include issues of ineffectiveness listed above. Lastly, Appellant alleges that this Court erred in dismissing the PCRA petition and permitting appointed counsel to withdraw when pre-trial counsel was ineffective. (Statement of Errors to be Raised on Appeal, p. 1-2)

## SUMMARY OF THE EVIDENCE

For a summary of the facts and procedural history, see *Commonwealth v. Willet*, 1288 WDA 2016 (Pa. Super. June 9, 2020), at 1-4.

## DISCUSSION

Appellant asserts his counsel provided ineffective assistance of counsel in numerous instances. Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To meet this burden, Appellant must, by a preponderance of evidence, plead and prove that:

> (1) His underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his

3

interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

Appellant alleges that pre-trial counsel was ineffective because he failed to file a *habeas corpus* motion to argue that the Commonwealth failed to establish a *prima facia* case against Appellant. Appellant alleges the evidenced presented at the preliminary hearing violated "Defendant's **Sixth Amendment-Confrontation Clause**". (Concise Statement at 1, emphasis in original). The Superior Court addressed this issue in its June 9, 2020 Opinion.

> We additionally observe that Pa.R.Crim.P. 542(E), applicable to preliminary hearings, provides that
>
> > [h]earsay[,] as provided by law[,] shall be considered by the issuing authority in determining whether a *prima facia* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.
> > Pa.R.Crim.P. 542(E). *McClelland*, 165 A.3d 19 (Pa. Super. 2017), *appeal granted* 179 A.3d 2 (Pa. 2018), this Court concluded that due process rights were not violated by a preliminary hearing at which only hearsay evidence was presented. *Id.* at 32. Thus, Willet is not entitled to relief on this basis as well. *See id.*

*Commonwealth v. Willet*, 1276 WDA 2019 at 6-7.[2] Since the underlying claim lacks arguable merit, Appellant's first claim of ineffectiveness fails.

Next, Appellant alleges trial counsel was ineffective for failing to file a motion to suppress statements made by Tyron Harris, and for failing to introduce prior to trial exculpatory evidence in the form of a recantation letter. The Superior Court summarized Harris' statements.

> Harris told police that he and Appellant lived next door to each other in the duplex. Lewis had been living with Harris. Harris told police that he and Appellant walked through the streets toward Brashear High School around dismissal time on the

---

[2] This Court notes that Appellant's claim would also fail on a merits-based analysis as the Superior Court of Pennsylvania "discern[ed] no abuse of discretion in [this Court's] rejecting Appellant's weight of the evidence claim." *Commonwealth v. Willet*, 1288 WDA 2016 at 9.

4

day of the incident and that he witnessed Appellant fire shots towards students. Lewis told police that, after the shooting, Appellant and Harris asked him to dispose of a gun and bullet magazine wrapped in a towel. Lewis told police that he put the gun and magazine into a book bag and took it to his great grandmother's house. At trial, however, Harris and Lewis recanted their statements to police.

*Commonwealth v. Willet*, 1288 WDA 2016 (Pa. Super. Jan. 30, 2018), at 2. Appellant incorrectly asserts that a statement that has been recanted is inadmissible.

> [T]he prior inconsistent statements of witnesses—who have testified at trial and were subject to cross-examination so that the finder-of-fact could hear the witnesses' explanations for making the out-of-court statements, and for their trial recantation—[may be considered] as sufficient evidence upon which a criminal conviction may properly rest if the finder-of-fact could, under the evidentiary circumstances of the case, reasonably credit those statements over the witness's in-court recantations.

*Commonwealth v. Brown*, 52 A.3d 1139, 1168 (Pa. 2012). Since the statement Appellant seeks to suppress is admissible, Appellant's underlying claim lacks merit and counsel was not ineffective in failing to file a meritless motion.

Harris' proposed recantation letter merely corroborated the witness' recantation at trial. Despite Harris' recantations at trial and in the proposed recantation letter, Harris' and Lewis' statements to the police were corroborated by substantial evidence produced at trial, including the gun, which was found exactly where Lewis had indicated, gunshot residue on both of Appellant's hands, and bullets which matched the caliber of the gun in Appellant's residence. Against this substantial evidence presented at trial, any further recantations from Harris would be duplicative and highly unlikely to change the jury's verdict. Appellant, therefore, suffered no prejudice and the claim is without merit.

Since the above claims are without merit, counsel did not err in failing to raise them in the amended PCRA petition. *Commonwealth v. Smith*, 650 A.2d 863, 866 (Pa. 1994). Further, this Court did not err in dismissing a PCRA petition which was devoid of meritorious claims. Pa.R.Crim.P. 907.

5

## CONCLUSION

For all of the above reasons, no reversible error occurred and the findings and rulings of this Court should be AFFIRMED.

BY THE COURT:

_____ J.

JILL E. RANGOS

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this OPINION was mailed to the following individuals by first class mail, postage prepaid on January 27, 2021.

Ahjohnito Willet
MN 2045
SCI Pine Grove
191 Fyock Road
Indiana, PA 15701

Michael Streily
Office of the District Attorney
401 County Courthouse
436 Grant Street
Pittsburgh, PA 15219

James J. Robertson, Law clerk for Jill E. Rangos