J-S45005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUVIN MCFARLIN, SR., | : | |
| | : | |
| Appellant | : | No. 184 MDA 2018 |

Appeal from the PCRA Order January 2, 2018
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0002646-2001

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED DECEMBER 26, 2018**

Shauvin McFarlin, Sr. ("McFarlin"), appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 14, 2002, a jury convicted McFarlin of first-degree murder, aggravated assault, and two firearms offenses, related to the shooting death of McFarlin's girlfriend.[1]  The trial court sentenced McFarlin to life in prison. This Court affirmed the judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal.  ***See Commonwealth v. McFarlin***, 844 A.2d 1284 (Pa. Super. 2003), ***appeal denied***, 851 A.2d 142 (Pa. 2004).

---

[1] Relevant to the instant appeal, the Commonwealth presented at trial the testimony of Stephen Skinner ("Skinner").  Though Skinner had initially given a written police report stating that McFarlin had confessed to Skinner that he shot the victim, Skinner recanted this statement at trial.

---

\*   Retired Senior Judge assigned to the Superior Court.

In May 2005, McFarlin timely filed a first PCRA Petition, which was later dismissed after a hearing. This Court affirmed the dismissal, and our Supreme Court denied allowance of appeal. *See Commonwealth v. McFarlin*, 988 A.2d 724 (Pa. Super. 2009), *appeal denied*, 995 A.2d 352 (Pa. 2010).

McFarlin filed the instant PCRA Petition, *pro se*, on December 11, 2015.[2] The PCRA court thereafter appointed McFarlin PCRA counsel, who filed an Amended PCRA Petition. On April 4, 2016, the PCRA court conducted an evidentiary hearing (hereinafter the "PCRA hearing"), wherein Skinner testified consistently with his statements in the Affidavit. The PCRA court eventually dismissed McFarlin's PCRA Petition as untimely, by an Order and accompanying Opinion entered on January 2, 2018 (hereinafter the "PCRA Dismissal Opinion"). McFarlin filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement. The PCRA court then issued a Rule 1925(a) Opinion.

On appeal, McFarlin raises the following question for our review:

Whether the PCRA court improvidently dismissed [the] second PCRA Petition filed in this matter as untimely, where, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) & (ii), [McFarlin] had ple[]d and proved two (2) exceptions to the one-year filing limitation imposed by the [PCRA], namely, after[-]discovered evidence and governmental interference?

---

[2] Notably, McFarlin attached to his PCRA Petition a notarized Affidavit (the "Affidavit") executed by Skinner on November 18, 2015. Therein, Skinner stated that one of the police officers involved in McFarlin's case, Detective Angel Cabrera, had threatened Skinner and coerced the police statement implicating McFarlin in the shooting.

Brief for Appellant at 4.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. **Id.**

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). In this case, McFarlin concedes that his instant PCRA Petition is facially untimely, as he filed it over a decade after August 2004, when his judgment of sentence became final.

However, Pennsylvania courts may consider a facially untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (the "timeliness exceptions"). Any PCRA petition invoking one or more of the timeliness exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **see also Albrecht**, 994 A.2d at 1094.

Initially, we note that McFarlin invokes, in his brief and his Concise Statement, the "governmental interference" timeliness exception, set forth at subsection 9545(b)(1)(i). However, McFarlin did not plead this exception in his *pro se* PCRA Petition or Amended PCRA Petition. It is well established that exceptions to the PCRA's time bar must be pled in the PCRA petition, and may

not be raised for the first time on appeal. **See Beasley**, 741 A.2d at 1261;

**see also** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court

are waived and cannot be raised for the first time on appeal).[3]  Accordingly,

we will confine our review to McFarlin's invocation in his Petition of the "newly-

discovered facts" timeliness exception, set forth at subsection 9545(b)(1)(ii).

> This Court has explained that the newly-discovered facts exception
>
> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations

and quotation marks omitted); **see also id.** at 177 (stating that "the 'new

facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis

of an underlying after-discovered-evidence claim." (footnote omitted)).  In

order for the court to determine whether this timeliness exception has been

timely invoked, the petitioner must include the precise date in his petition of

when he learned of the newly-discovered fact(s).  **See Commonwealth v.**

**Beasley**, 741 A.2d 1258, 1261-62 (Pa. 1999).

---

[3] Furthermore, the fact that McFarlin raised the governmental interference timeliness exception in his Rule 1925(b) Concise Statement does not preserve the matter on appeal.  **See Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1288 (Pa. Super. 2004) (*en banc*) (holding that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.") (citation omitted).

McFarlin argues that his presentation of the November 18, 2015 Affidavit in his December 11, 2015 PCRA Petition met the requirements of the newly-discovered facts exception, and he submitted this evidence within 60 days of receiving it. Brief for Appellant at 12. McFarlin further asserts that he could not have presented this evidence earlier because "the [A]ffidavit … reveals that Skinner did not reveal to McFarlin the threats [Skinner had] received from law enforcement until [Skinner] provided the [A]ffidavit to McFarlin[,] at the request of McFarlin's family." *Id.* at 13. Finally, McFarlin points out that the PCRA court had conducted an evidentiary hearing on his instant PCRA Petition, which, he asserts, lends support to the merits of his claim. *Id.* at 14-15.

The PCRA court addressed and rejected McFarlin's claim in its PCRA Dismissal Opinion, stating as follows:

> [McFarlin] has failed to establish that this [c]ourt has jurisdiction to address the merits of the underlying [newly]-discovered [facts] claim. While the Affidavit was signed by [] Skinner on November 18, 2015, there is no information in the PCRA Petition, nor any evidence presented at the PCRA hearing, that indicates when [McFarlin] became aware of the information provided by [] Skinner. Notably, [] Skinner indicates in the Affidavit that he actually revealed the information in question to [McFarlin's] mother at an earlier, unidentified date shortly after his interview with police *in 2001*. *See* PCRA Petition, 12/11/15.
>
> Thus, although there is a dearth of information in the record regarding precisely when [McFarlin] became aware of the information contained in the Affidavit, it appears to the [PCRA c]ourt that [McFarlin] likely became aware of the information well before 2015[,] and [McFarlin] has presented no facts establishing otherwise. Even if [McFarlin] has complied with § 9545(b)(2) by raising the issue in a PCRA Petition within sixty days of the date upon which he claims the information became available to him, that is, November 18, 2015[,] or shortly thereafter, [McFarlin] has not satisfied the due diligence requirement of § 9545(b)(1)(ii), as

he has failed to provide the [c]ourt with a precise date upon which he discovered the alleged new facts and has failed to explain to the [c]ourt why those facts were previously undiscoverable.

In sum, because [McFarlin] has failed to demonstrate that "the facts upon which the claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence," [42 Pa.C.S.A.] § 9545(b)(1)(ii), [McFarlin] cannot establish that this [c]ourt has jurisdiction to address the substantive merits of his underlying [newly]-discovered [facts] claim.

PCRA Dismissal Opinion, 1/2/18, at 6-7 (emphasis added). We agree with and adopt the PCRA court's rationale and determination, which is supported by the record and the law.

Accordingly, because McFarlin has failed to prove the newly-discovered facts exception, or any other exception to the PCRA's time-bar, the PCRA court properly dismissed his second PCRA Petition as being untimely. *See Albrecht*, *supra*. We likewise lack jurisdiction to address the merits of McFarlin's claims, and thus affirm the PCRA court's Order dismissing his second PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2018

- 6 -