J-S21021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMANUEL HOWARD | : | |
| | : | |
| Appellant | : | No. 1176 WDA 2019 |

Appeal from the PCRA Order Entered July 17, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001069-2016

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:			**FILED MAY 20, 2020**

Appellant, Emanuel Howard, appeals *pro se* from the Order entered July 17, 2019, dismissing his second Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In December 2015, Appellant robbed a restaurant in Uniontown and a jury subsequently convicted him of two counts of Robbery and one count each of Theft by Unlawful Taking, Receiving Stolen Property, and Simple Assault. In September 2016, the trial court sentenced Appellant to seven to twenty years of incarceration. We affirmed the Judgment of Sentence. ***Commonwealth v. Howard***, 1549 WDA 2016, unpublished memorandum (Pa. Super. filed June 21, 2017).  Appellant did not seek discretionary review in the Supreme Court of Pennsylvania.

In August 2017, Appellant *pro se* filed his first Petition seeking collateral relief.  Appointed counsel thereafter filed an Amended Petition, asserting that

the Commonwealth had suppressed exculpatory evidence. The PCRA court denied relief, and Appellant timely appealed. Upon review, we affirmed. *See generally Commonwealth v. Howard*, 318 WDA 2018, unpublished memorandum (Pa. Super. filed October 31, 2018).

In January 2019, Appellant *pro se* filed his second PCRA Petition asserting ineffectiveness of all prior counsel. PCRA Petition, 1/4/19.[1] The court filed a notice pursuant to Pa.R.Crim.P. 907, and subsequently dismissed the Petition. *See* PCRA Ct. Order, 7/17/19.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive Statement in Lieu of Opinion.

In his Brief, Appellant asserts that all prior counsel rendered ineffective assistance. *See* Appellant's Br. at 3-4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).

Initially, we must address the timeliness of Appellant's Petition, as it implicates our jurisdiction. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second

---

[1] Thereafter, Appellant *pro se* supplemented his claims, alleging that (1) the Commonwealth suppressed exculpatory evidence, (2) police arrested him pursuant to an illegal warrant, and (3) the presiding trial judge had a conflict of interest. *See* Supplemental PCRA Petition, 4/12/19, at 2-4 (unpaginated).

and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). There are three statutory exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). "[I]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). This burden "necessarily entails an acknowledgment" that the petition is untimely. *Id.*

Appellant's Judgment of Sentence became final on July 21, 2017, thirty days after this Court affirmed his Judgment of Sentence. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a) (affording appellants thirty days to appeal from an order of the Superior Court). Thus, Appellant had until July 23, 2018, to file a PCRA petition.[2] Appellant filed the instant Petition on January 4, 2019, more than five months late. It is, therefore, patently untimely.

In this Petition, Appellant acknowledged that it was untimely and asserted that his ineffective assistance of counsel claims fell within the "government interference" exception, defined at 42 Pa.C.S. § 9545(b)(1)(i). *See* PCRA Petition at 3. However, in his Brief to this Court, Appellant abandons that contention and properly acknowledges that that exception is inapplicable. Appellant's Br. at 8-9. *See* 42 Pa.C.S. §9545(b)(4) ("For purposes of this subchapter, 'government officials' shall not include defense

---

[2] July 21, 2018 fell on a Saturday. *See* 1 Pa.C.S. § 1908.

counsel, whether appointed or retained."); ***Commonwealth v. Pursell***, 749 A.2d 911, 915-16 (Pa. 2000) (same).

Our review of Appellant's Petition indicates that he raised only challenges to the stewardship of counsel. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). Accordingly, because this second Petition is untimely and Appellant has not pleaded or proven the applicability of any of the PCRA's timeliness exceptions, we lack jurisdiction to review the merits of his claims. ***Bennett***, ***supra*** at 1267; ***Beasley***, ***supra*** at 1261.

For these reasons, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2020