741 A.2d 1258

COMMONWEALTH of Pennsylvania, Appellee,

v.

Leslie Charles X. BEASLEY, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1999.

Decided Dec. 9, 1999.

Reargument Denied Feb. 3, 2000.

Robert Brett Dunham, Philadelphia, for Leslie Charles X. Beasley.

Catherine Marshall, Philadelphia, for the Com.

Robert A. Graci, Harrisburg, for Office of Atty. Gen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

CAPPY, Justice.

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying appellant's petition seeking relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.[1] For the reasons that follow, we dis-

---

1. 42 Pa.C.S. § 9546(d) provides that this court shall have direct review of appeals from final orders denying post-conviction relief in capital

miss the petition as untimely.[2]

In 1981, appellant was convicted of murder in the first degree and possession of instrument of crime in connection with the 1980 shooting death of Philadelphia police officer, Ernest Davis. On the evening of the shooting, the officer had arrived at a restaurant in Philadelphia in response to a radio dispatch informing that a man with a gun was present at that location. When the officer arrived at the restaurant, appellant shot and killed him.

At the penalty phase, the jury found no mitigating circumstances and two aggravating circumstances, namely, that the victim was a peace officer who was killed in the performance of his duties [3] and appellant had a significant history of felony convictions involving the use or threat of violence to other persons.[4] Accordingly, the jury returned a sentence of death. On direct appeal, this court affirmed appellant's conviction and sentence. *Commonwealth v. Beasley*, 504 Pa. 485, 475 A.2d 730 (1984).

Appellant subsequently filed a *pro se* petition for collateral relief pursuant to the now repealed Post Conviction Hearing Act, 42 Pa.C.S. § 9541 *et seq.* (PCHA). That petition was ultimately denied by the trial court. On appeal therefrom, the Superior Court vacated the death sentence and remanded the matter to the trial court for imposition of a life sentence. *Commonwealth v. Beasley*, 377 Pa.Super. 648, 541 A.2d 1148 (1988). That determination was, however, reversed by this court and appellant's sentence of death was reinstated. *Commonwealth v. Beasley*, 524 Pa. 34, 568 A.2d 1235 (1990).

Appellant then filed a *pro se* petition for writ of habeas corpus in the United States District Court, Eastern District of

cases. *See also, Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 519 n. 10 (1997).

2. Although appellant did not file a formal motion requesting that this matter be argued, he did request oral argument in a statement in his brief. As is our practice in post conviction appeals in capital cases, we see no need to grant oral argument.

3. 42 Pa.C.S. § 9711(d)(1).

4. 42 Pa.C.S. § 9711(d)(9).

Pennsylvania. The district court granted appellant relief insofar as it ordered that the federal habeas corpus petition be held in abeyance and his execution stayed pending exhaustion of state remedies.[5] Next, appellant filed a petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* (PCRA) which was ultimately denied without a hearing by the PCRA court. This court affirmed that denial on appeal. *Commonwealth v. Beasley,* 544 Pa. 554, 678 A.2d 773 (1996).

On January 16, 1997, appellant filed the instant petition for post-conviction relief, his third, wherein he raises twenty-two issues as well as additional subissues.[6] The PCRA court ultimately denied the petition without holding an evidentiary hearing. This direct appeal followed.

In 1995, the Legislature amended the PCRA, effective January 16, 1996. Significantly, those amendments included time limitation restrictions on the filing of PCRA petitions. Since appellant's current petition was filed after the effective date of those amendments, the timeliness restrictions apply to this petition. *See Commonwealth v. Laird,* 555 Pa. 629, 726 A.2d 346 (1999). Those restrictions dictate that all petitions, including second and subsequent ones, be filed within one year of the date on which the judgment became final, unless one of the three enumerated exceptions, discussed *infra,* apply. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 641 (1998). The time restrictions are jurisdictional in nature. *Id.* at 641. Thus, neither the fact that the instant petition is filed in a capital case nor the fact that some of appellant's claims are couched in terms of ineffectiveness, will save this petition from application of section 9545. *Id.* at 643; *Commonwealth v. Banks,* 556 Pa. 1, 726 A.2d 374, 376 (1999).

Section 9545(b)(3) provides, in pertinent part, that a judgment becomes final at the conclusion of direct review or at the

**5.** The federal court ultimately dismissed this *habeas corpus* petition on November 6, 1997.

**6.** The petition was titled a "Petition for Habeas Corpus Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution and Statutory Post–Conviction Relief under 42 Pa.C.S. Section 9542 et seq."

608

expiration of the time for seeking such review. Accordingly, since appellant did not seek review in the United States Supreme Court following this court's affirmance on direct appeal of his judgment of sentence, his judgment is deemed to have been final at the expiration of the ninety-day period allowed for the filing for *certiorari* which would have been on or about June 17, 1984. As the instant petition was not filed until January 16, 1997, more than twelve years later, it is therefor untimely unless appellant has pled and proven that one of the following exceptions applies:

   (i)    failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

   (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

   (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).[7] A petition invoking one or more of these exceptions must, however, be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

      Appellant does not discuss in his brief the issue of timeliness of this third petition for post-conviction relief and, thus, does not specifically allege that any of the exceptions apply. However, since the timeliness issue implicates the jurisdiction of this court to entertain the petition, we shall address the issue *sua sponte. See Commonwealth v. Yarris,*

---

**7.** While the amended PCRA does permit a defendant whose judgment has become final on or before the effective date of the amendments to file his or her **first** petition within a year from that effective date, such exception is of no moment in the instant matter since this is appellant's third petition. *See Commonwealth v. Peterkin,* 722 A.2d at 641.

557 Pa. 12, 731 A.2d 581 (1999).[8]  The statute makes clear that where, as here, the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies.  42 Pa.C.S. § 9545(b)(1).  That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply.  However, since *Peterkin* was the first decision of this court interpreting the new amendments to the PCRA, and since appellant's PCRA petition and his brief to this court were both filed prior to that decision, we have, in the interest of fairness, reviewed the numerous issues set forth in appellant's brief in an effort to ascertain whether any of those issues arguably fit within one or more of the exceptions.  That review discloses several issues which, on their face, appear to fit within an enumerated exceptions.  Further analysis reveals, however, that none of those claims meet the statutory requirements for exception.

Appellant claims that the Commonwealth withheld an accurate criminal record for John McDowell, an eyewitness to the shooting.  A *Brady*[9] claim such as this seemingly falls within the exception based on interference by government officials.  42 Pa.C.S. § 9545(b)(1)(i).  Appellant submits that an affidavit of McDowell reveals that he was not truly an eyewitness to

**8.** While the Commonwealth in its brief does address the timeliness issue, that brief is of no avail to this court since the same will not be accepted.  After being granted an extension of time in which to file its responsive brief, the Commonwealth's brief was finally due to be filed on or before January 4, 1999.  The Commonwealth did not present its brief to the prothonotary of this court until February 18, 1999.  Given the untimely filing, the Commonwealth's brief was not then accepted for filing.  On March 18, 1999, the Commonwealth filed a Petition for Permission to File Post–Submission Communication Pursuant to Pa. R.A.P. 2501(a) wherein it seeks permission to file its untimely responsive brief.  In that petition, the Commonwealth submits that it was unable to comply with the briefing schedule set by this court because of the volume of cases to which the Appeals Unit was then attempting to respond and because of a recent loss of attorneys in that Unit. The clear intent of Pa.R.A.P. 2501 was to permit, in limited instances, submission to the court that is currently deciding a particular case relevant information that was not known or could not have been known to the parties prior to submission of the case to the court.  It is not a vehicle for the filing of initial briefs of a party which were not filed in a timely manner.

**9.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

the shooting; that he was promised probation on his open felony drug charges in exchange for his perjured testimony; and that he was told by the prosecution to deny that any promises were made. For several reasons, this claims fails to satisfy the requirements of (b)(1)(i).

First, this precise claim was raised by appellant in a prior PCRA petition and rejected by this court. Specifically, this court found the claim meritless because one, McDowell testified on rebuttal that just after he completed his testimony in the Commonwealth's case in chief, he was sentenced to probation on the outstanding drug charges and, therefore, the jury was aware of the lenient treatment, and two, assuming a constitutional violation did occur, McDowell's testimony was not crucial to the verdict as there were two other witnesses who testified that appellant was the shooter. *Beasley,* 678 A.2d at 783.

■ Moreover, even assuming that appellant could successfully establish his *Brady* claim and, thereby meet the exception found in subsection (b)(1)(i), he has still failed to satisfy the sixty-day time limitation for asserting this exception. As noted above, to qualify for any of the exceptions found in paragraph (b)(1)(i)–(iii), one must not only satisfy the substantive requirements of the exception provision, but must also file a petition invoking that exception within sixty days of the date the claim could have been filed. 42 Pa.C.S. § 9545(b)(2). The affidavit on which appellant relies in support of this claims is dated May 23, 1990. As his current petition was not filed until January 16, 1997, appellant has failed to meet the sixty-day requirement.

■ Appellant also alleges that the Commonwealth again withheld exculpatory evidence when it failed to secure the presence of two key witnesses whom the defense sought to question. More specifically, appellant contends that the two women who were being harassed and threatened by the "man with a gun" inside the restaurant just prior to the shooting both provided statements which implicated one James Churchill and not appellant as the shooter. Appellant submits that

trial counsel was aware of these witnesses, but failed to even attempt to locate these witnesses until defense testimony in the trial had begun. At that point, the prosecution was unsuccessful in securing their immediate presence and the court noted that the two witnesses would be permitted to testify only if brought forward immediately and that no continuance would be permitted. Appellant's claim is disingenuous and, when reduced to its essence is nothing more than a claim of ineffectiveness, and one that has been raised and litigated twice already. *See Beasley*, 678 A.2d at 783. Accordingly, his claim does not fit within one of the exceptions.

■ Appellant raises one additional claim which, at first blush, would appear to fit within the exception for newly recognized constitutional rights. 42 Pa.C.S. § 9545(b)(1)(iii). Specifically, he raises a claim pursuant to *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994), arguing that he was entitled to an instruction that if sentenced to life imprisonment, he would be ineligible for parole. His claim is actually twofold. Initially, he argues that he was entitled to such an instruction because the prosecutor told the jury that parole was always available from a life sentence. He also asserts entitlement to such an instruction on the basis that the prosecutor raised the issue of appellant's future dangerousness to the jury. Only this second contention asserts a true *Simmons* claim. However, as appellant concedes, this court has held that *Simmons*, which addresses specifically the issue of future dangerousness, will not be given retroactive effect in a collateral attack. *Commonwealth v. Laird*, 726 A.2d at 360.[10] Accordingly, that specific claim of constitutional violation does not satisfy the requirements of § 9545(b)(1)(iii). Appellant's additional contention, that he was entitled to such an instruction due to the prosecutor's statement that he would be eligible for parole, also does not satisfy the requirements of § 9545(b)(1)(iii) since this claim is not even premised on any

10. The United States Supreme Court in *O'Dell v. J.D. Netherland*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) also held that the rule announced in *Simmons* will not be applied retroactively to a final state conviction or sentence on federal collateral review.

newly recognized constitutional right. Rather, appellant argues that his constitutional rights which existed at the time of trial were violated by the failure of the court to inform the jury of this alleged misrepresentation.[11] As such, this claim does not fit within any of the enumerated exceptions to the time bar.

In sum, we have found no claims raised by appellant in the instant PCRA petition that would save that petition from the timeliness restrictions of 42 Pa.C.S.A. § 9545. Accordingly, this court is without jurisdiction to entertain appellant's PCRA petition. Thus, we affirm the denial of the instant petition.[12]

## ORDER

PER CURIAM:

**AND NOW**, this 9th day of December, 1999, Appellant's "Petition for Permission to File Post–Submission Communication Pursuant to Pa.R.A.P. 2501(a)" and "Application for Permission to File Supplemental Pleading and Motion to Remand to the Post Conviction Relief Act Court on the Basis of Newly Discovered Evidence" are hereby denied.

Chief Justice FLAHERTY files a Concurring Opinion joined by Justice NIGRO.

Justice ZAPPALA and Justice NEWMAN concur in the result.

FLAHERTY, Chief Justice, concurring.

While I join Mr. Justice Cappy's majority opinion, I write separately to clarify my position on defining "life imprisonment" in capital cases. As I have previously stated, I would require a *Simmons* instruction in every capital case. Mr. Justice Nigro cogently explained the rationale for such a rule in his concurring opinion in *Commonwealth v. Clark*, 551 Pa.

---

**11.** Nowhere in his argument does appellant direct us to the portion of the record where this alleged misrepresentation occurred.

**12.** The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor.

258, 710 A.2d 31, 43–44 (1998)(Nigro, J., concurring), which I joined:

> However, I would suggest that the better practice and policy is to require trial courts to give a *Simmons* instruction in all death penalty proceedings, regardless of whether counsel raises the issue of a defendant's potential future dangerousness during the penalty phase.
>
> Under this practice, a jury considering the death penalty would automatically be informed, before deliberations began, of what life imprisonment actually means in Pennsylvania at the time of the instruction. In my opinion, a standard *Simmons* instruction would, in the first instance, serve to clarify that issue for the jury. For example, ... commutation is, at this time, a possibility in Pennsylvania for those serving life sentences, and therefore proper for the jury's consideration.... Moreover, I can see no prejudice that the Commonwealth would suffer if every defendant facing a sentence of death received a *Simmons* jury instruction explaining, as thoroughly as possible, what "life imprisonment" means in Pennsylvania.

*See also Commonwealth v. Young,* 120 Capital App. Dkt., 1999 Pa LEXIS 139, 1999 WL 24540 (Pa.1999) (Flaherty, C.J., concurring); *Commonwealth v. Cox,* 556 Pa. 368, 728 A.2d 923, 938 (.1999) (Flaherty, C.J., concurring); *Commonwealth v. King,* 554 Pa. 331, 721 A.2d 763, 785 (1998) (Flaherty, C.J., concurring); *Commonwealth v. Chandler,* 554 Pa. 401, 721 A.2d 1040, 1047 n. 10 (1998); *Commonwealth v. Robinson,* 554 Pa. 293, 721 A.2d 344 (1998) (Flaherty, C.J., dissenting); *Commonwealth v. Rompilla,* 554 Pa. 378, 721 A.2d 786 (1998) (Flaherty, C.J., dissenting).

However, in the instant case, *Simmons* was not decided until years after the final disposition of appellant's direct appeal. Therefore, I agree with the majority that appellant's claim of a constitutional violation does not satisfy the requirements of 42 Pa.C.S. § 9545(b)(1)(iii), as both the United States Supreme Court and this court have held that *Simmons* will not be given retroactive effect in a collateral attack. *See O'Dell v. Netherland,* 521 U.S. 151, 153, 117 S.Ct. 1969, 138

614

L.Ed.2d 351 (1997); *Commonwealth v. Laird,* 555 Pa. 629, 726 A.2d 346, 360 (1999).

Justice NIGRO joins this concurring opinion.