J-S16042-19

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN R. CARPIO-SANTIAGO, | : | |
| | : | |
| Appellant | : | No. 1540 MDA 2018 |

Appeal from the PCRA Order Entered August 6, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003152-2015

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 17, 2019**

Juan R. Carpio-Santiago ("Carpio-Santiago") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We quash the appeal as untimely filed.

On October 5, 2015, following a jury trial, Carpio-Santiago was convicted of conspiracy to commit burglary and conspiracy to commit criminal trespass.  The trial court sentenced Carpio-Santiago to a term of 5 to 20 years of incarceration, with credit for time served.  This Court affirmed Carpio-Santiago's judgment of sentence on July 21, 2016.  **See Commonwealth v. Carpio-Santiago**, 154 A.3d 865 (Pa. Super. 2016) (unpublished memorandum).

On June 20, 2018, Carpio-Santiago, *pro se*, filed the instant PCRA Petition, his second.  The PCRA court subsequently issued a Notice of Intent

to Dismiss pursuant to Pa.R.Crim.P. 907, and Carpio-Santiago filed a *pro se* Response. The PCRA court dismissed Carpio-Santiago's PCRA Petition on August 6, 2018. Carpio-Santiago filed a *pro se* Notice of Appeal on September 14, 2018. The PCRA court directed Carpio-Santiago to file a Pa.R.A.P. 1925(b) concise statement, but Carpio-Santiago failed to do so.

As a prefatory matter, we must address the timeliness of Carpio-Santiago's appeal. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (explaining that the timeliness of an appeal implicates this Court's jurisdiction, an issue which we may consider *sua sponte*). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Additionally, this Court "may not enlarge the time for filing a notice of appeal…." Pa.R.A.P. 105(b).

Here, Carpio-Santiago had until September 5, 2018, to file his notice of appeal. Because Carpio-Santiago filed his Notice of Appeal after that date, it was untimely. In response to this Court's October 2, 2018 Rule to Show Cause why the appeal should not be quashed as untimely filed, Carpio-Santiago argued that he was unable to file his appeal because the prison was on lockdown from August 29, 2018, to September 9, 2018, and all incoming and

outgoing mail was suspended.[1, 2]  We observe that Carpio-Santiago's *pro se*

Notice of Appeal is hand-dated August 29, 2018.  However, Carpio-Santiago

has not provided a "properly executed prisoner cash slip or other reasonably

verifiable evidence of the date that [he] deposited the *pro se* filing with the

prison authorities," Pa.R.A.P. 121(a), and no other evidence of record

reasonably verifies that Carpio-Santiago timely filed his Notice of Appeal.  In

fact, the hand-written "mail date" on the Notice of Appeal is September 9,

2018, after the time for filing an appeal had expired.[3]  Further, the record

contains no evidence of "fraud or breakdown in the processes of a court" that

would excuse the untimely filing.  ***See*** Pa.R.A.P. 105, Note; ***see also***

***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (stating

that this Court must determine whether an administrative breakdown in the

---

[1] The Pennsylvania Department of Corrections instituted a lockdown of all state prisons after multiple inmates and prison staff members were sickened as a result of exposure to synthetic drugs.  ***See*** *Lockdown lifted at SCI-Somerset, other state prisons*, DAILY AMERICAN (September 10, 2018), https://www.dailyamerican.com/news/local/somerset/inbrief/lockdown-lifted -at-sci-somerset-other-state-prisons/article_db3582d1-ae77-552c-b239-908 55303c65c.html.

[2] This Court discharged the Rule to Show Cause on October 22, 2018, and referred the matter to the merits panel.

[3] September 9, 2018, was the final day of the statewide prison lockdown. Although Carpio-Santiago cites the lockdown as the reason for his untimely appeal, he does not argue that he attempted to deposit his Notice of Appeal with prison authorities but was not permitted to do so.  ***See generally*** *Lockdown lifted*, ***supra*** (stating that prison mailrooms were closed to **non-legal** mail).

court system excuses the untimely filing of a notice of appeal before quashing the appeal). Thus, we must quash Carpio-Santiago's appeal as untimely filed.[4]

Appeal quashed. Application for Relief denied.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>05/17/2019</u>

---

[4] We additionally note that Carpio-Santiago's PCRA Petition is facially untimely, and Carpio-Santiago has failed to invoke any of the three exceptions to the PCRA's timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999) (stating that "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies."). Accordingly, even if we were to treat Carpio-Santiago's appeal as timely filed, we would affirm the PCRA court's Order dismissing Carpio-Santiago's Petition.