J-S73017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :              PENNSYLVANIA
                                           :
             v.                           :
                                           :
                                           :
FLOYD EDWARD PATTERSON         :
                                           :
           Appellant                :     No. 1952 MDA 2018

Appeal from the PCRA Order Entered November 13, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000903-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:           **FILED JANUARY 22, 2020**

Floyd Edward Patterson appeals from the order, entered in the Court of Common Pleas of Berks County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On January 11, 2014, Robert Mohler, a homeless man, sought and received permission to sleep in a Reading, Pennsylvania laundromat.  Shortly before midnight, Patterson and three other individuals entered the laundromat, beat Mohler, and stole his cell phone.  The laundromat's security cameras recorded the entire incident.  On June 15, 2015, a jury convicted Patterson of aggravated assault, simple assault, recklessly endangering another person, and conspiracy to commit the foregoing offenses.  On June 17, 2015, the court sentenced Patterson to an aggregate term of fifteen to

forty years' incarceration. Patterson timely appealed, and on August 23, 2016, this Court affirmed his judgment of sentence. ***Commonwealth v. Patterson***, 1307 MDA 2015 (Pa. Super. filed Aug. 23, 2016) (unpublished memorandum). Patterson did not petition our Supreme Court for allowance of appeal.

On June 20, 2017, Patterson filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. Following a hearing, the PCRA court dismissed Patterson's petition on February 13, 2018. On March 15, 2018, Patterson filed a notice of appeal. On May 14, 2018, this Court dismissed Patterson's appeal for failing to comply with Pa.R.A.P. 3517. ***See*** Pa.R.A.P. 3517 (requiring appellant complete and return docketing statement form; imposing dismissal as potential consequence for noncompliance). On October 4, 2018, Patterson filed the instant, *pro se* PCRA petition. On October 17, 2018, the PCRA court provided Patterson with notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 13, 2018, the PCRA court dismissed Patterson's petition as untimely.[1] Patterson timely filed a notice of appeal.

---

[1] It is unclear whether Patterson timely filed either his response to the PCRA court's notice of intention to dismiss or his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Patterson had until November 6, 2018, to respond to the PCRA court's notice of intention to dismiss. He filed his response, dated November 6, 2018, on November 8, 2018. He did not offer any evidence of the date he placed his response in the hands of prison authorities.

Preliminarily, we consider whether the PCRA court had jurisdiction to hear Patterson's petition. ***See*** 42 Pa.C.S.A. § 9545(a) (establishing original jurisdiction over PCRA petitions); ***see also Commonwealth v. Taylor***, 933

---

On November 29, 2018, the PCRA court issued an order for Patterson to file a Rule 1925(b) statement by December 19, 2018. On December 17, 2018, Patterson filed a request for an extension to file his Rule 1925(b) statement. On December 26, 2018, the PCRA court granted Patterson a 21-day extension to file his 1925(b) statement, giving him until January 16, 2019. On January 23, 2019, the PCRA court filed a statement in lieu of a Rule 1925(a) opinion addressing Patterson's failure to timely file a Rule 1925(b) statement. On January 24, 2019, the PCRA court received Patterson's Rule 1925(b) statement, dated January 14, 2019, but filed January 22, 2019. He did not offer any evidence of the date he placed his Rule 1925(b) statement in the hands of prison authorities. The trial court subsequently filed a Rule 1925(a) opinion, noting Patterson's lack of proof regarding the date of filing, but addressing the issues raised therein.

Both filings must be viewed through the lens of the prisoner mailbox rule, which provides "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). It is incumbent upon the appellant to establish the date he placed a court filing in the hands of prison authorities. ***See id.*** at 40 (allocating burden of proof regarding date to appellant). Ordinarily, the appropriate course of action would be to remand the matter to the PCRA court to make a determination as to the timeliness of Patterson's response to the PCRA court's notice of intent to dismiss and his Rule 1925(b) statement. ***See id.*** This Court, however, deemed it appropriate to dispose of a PCRA petitioner's appeal, in spite of a lack of clarity regarding the timeliness of filings under the prisoner mailbox rule, where the appellant has failed to plead and prove an exception to the PCRA time bar. ***See id.*** ("[T]his matter should be remanded . . . for the PCRA court to make a determination as to the timeliness of the filing of his PCRA petition. [However, i]n light of our disposition of [Appellant's] substantive argument . . . we conclude that it would be futile to do so."). As discussed *supra*, it would be futile to remand the instant matter, as Patterson failed to plead or prove an exception to the time bar in his PCRA petition.

A.2d 1035, 1038 (Pa. Super. 2007) ("[N]o court has jurisdiction to hear an untimely PCRA petition."). A petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves an exception to the time for filing the petition, as set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).[2] A PCRA petition invoking one of these statutory exceptions must be filed within 60 days of the date the claims could have been presented. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[3]

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)–(iii).

[3] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. We look to the claims raised in Patterson's

- 4 -

Patterson's judgment of sentence became final on September 22, 2016, when the period for seeking review with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** Pa.R.A.P. 1113(a) (allowing 30 days from entry of order to file petition for allowance of appeal with Pennsylvania Supreme Court). Therefore, Patterson had one year, until September 22, 2017, to file a timely PCRA petition. The instant petition, filed on October 4, 2018, is facially untimely. Unless Patterson pleads and proves the application of an enumerated exception to the PCRA time bar, the PCRA court lacked jurisdiction to address the merits of his claims. ***See Taylor***, ***supra*** at 1038; ***see also Commonwealth v. Beasley***, 741 A.2d 1258, 1261–62 (Pa. 1999) ("The statute makes clear that where, as here, the petition is untimely, it is the petitioner's burden *to plead*

---

PCRA petition in evaluating its timeliness because his appellate brief fails to advance any of the claims raised below. ***See*** Brief of Appellant, at 7 (stating issues concerning timeliness; abandoning underlying issues from petition); ***see also*** 42 Pa.C.S.A. § 9545(b)(1) (requiring petition allege and petitioner prove exception to time bar). Patterson's petition asserts various illegal activities took place prior to and during trial, and the ineffectiveness of trial counsel. ***See*** PCRA Petition, 10/4/18, at 7–27 (listing claims); ***see also*** Notice of Intention to Dismiss, 10/17/18, at 2–3 (summarizing the PCRA court's understanding of Patterson's claims). Patterson's claims arose during trial, which concluded in 2015; consequently, the 60 day time-bar applies. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

*in the petition* and prove that one of the exceptions applies") (citing 42 Pa.C.S.A. § 9545(b)(1)) (emphasis added).

None of the claims raised in Patterson's facially untimely PCRA petition invokes an exception under section 9545(b)(1); consequently, all of his claims are time-barred.  **See** PCRA Petition, 10/4/18, at 7–27 (listing claims; lacking any reference to exceptions enumerated under section 9545(b)(1)); **see also Beasley**, **supra** at 1261–62.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/2020