J-A04014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS DEANS | : | |
| | : | |
| Appellant | : | No. 2283 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0016655-2008

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 20, 2022**

Marcus Deans appeals, *pro se*, from the order, entered in the Court of Common of Philadelphia County, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

On December 18, 2009, Deans was convicted by a jury of attempted murder,[1] aggravated assault,[2] robbery,[3] a violation of the Uniform Firearms Act,[4] and possessing an instrument of crime.[5]  On April 29, 2010, the court

_____

[1] 18 Pa.C.S.A. § 2502.

[2] 18 Pa.C.S.A. § 2702.

[3] 18 Pa.C.S.A. § 3701.

[4] 18 Pa.C.S.A. § 6108.

[5] 18 Pa.C.S.A. § 907(a).

sentenced Deans to an aggregate term of fifteen (15) to thirty (30) years in prison. On direct appeal, this Court affirmed his convictions, but vacated a portion of his sentence.[6] ***Commonwealth v. Deans***, 1298 EDA 2010 (Pa. Super. filed March 2, 2012) (unpublished memorandum decision).

On June 7, 2012, Deans filed his first PCRA petition, *pro se*. Counsel was appointed and filed an amended petition raising various claims of ineffectiveness of trial counsel. Following an evidentiary hearing, the PCRA court denied relief. On appeal, this Court affirmed. ***See Commonwealth v. Deans***, 3344 EDA 2015 (Pa. Super. filed June 19, 2017) (unpublished memorandum decision).

On April 14, 2017, Deans filed a second PCRA petition, *pro se*, wherein he alleged he had obtained newly-discovered evidence, namely the recantation of the identification testimony of the complaining witness, Richard Bell. Specifically, Deans claimed that on February 22, 2017, Bell contacted Deans' counsel and indicated he wished to recant his trial testimony. Deans claimed that the recantation testimony qualified as newly-discovered evidence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Following a hearing, the PCRA court denied relief, and, on collateral appeal, this Court affirmed, finding Deans' claims waived. ***See Commonwealth v. Deans***, 1263 EDA 2018 (Pa.

---

[6] This Court vacated the sentence imposed on the aggravated assault conviction because it merged with the offense of attempted murder for sentencing purposes. As the sentence for aggravated assault was to run concurrent to the sentence imposed for attempted murder, this Court did not remand for resentencing.

Super. filed Nov. 20, 2019) (unpublished memorandum decision, wherein Court stated: "[Deans] *revealed for the first time in his third [Pa.R.A.P. 1925] concise statement that Bell was prevented from recanting that trial testimony* at a PCRA hearing due to governmental interference, namely the threat of being charged with perjury, by detectives sent to his home by the district attorney after trial."). **Id.** at 6 (emphasis added). **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261–62 (Pa. 1999) ("The statute makes clear that where, as here, the petition is untimely, *it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies*.") (citing 42 Pa.C.S.A. § 9545(b)(1)) (emphasis added). **See also Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke statutory exception to PCRA's one-year time-bar, PCRA demands petitioner properly plead and prove all required elements of relied-upon exception).

In the instant petition, Deans' third, filed on December 30, 2019, Dean claims that PCRA counsel was ineffective for failing to submit evidence of Bell's recantation and that he qualifies for relief under the newly-discovered fact exception to the PCRA time requirement.[7] The PCRA Court denied Deans'

---

[7] A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Therefore, Deans' judgment of sentence became final on April 2, 2012, the last day on which he could have filed a petition for allowance of appeal with the Pennsylvania Supreme Court. **See** Pa.R.A.P.
*(Footnote Continued Next Page)*

petition on October 29, 2020. Deans filed a timely notice of appeal on November 19, 2020. On December 7, 2020, the PCRA court issued an order pursuant to Rule 1925(b) requiring Deans to file a concise statement of errors complained of on appeal within 21 days. *See* Order, 12/7/20. The order advised Deans that "[a]ny issue not properly included in the Statement timely filed and served . . . shall be deemed waived." *Id.* Deans' Rule 1925(b) statement was due to be filed on December 28, 2020. Deans did not file a Rule 1925(b) statement. Instead, on December 23, 2020, five days before his Rule 1925(b) statement was due, he filed a motion for extension of time. For reasons not clear from the record or from the PCRA court's Rule 1925(a) opinion, the PCRA court did not rule on this motion until March 18, 2021, at which time it denied Deans' request. In its opinion, the PCRA court found no issues preserved for review.

This Court's standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013) (citations omitted).

We agree with the PCRA court and conclude that, since Deans failed to comply with the PCRA court's Rule 1925(b) order, he has waived all of his claims on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the

1113. Deans' instant PCRA petition was filed over seven years later, on December 30, 2019; thus, the petition was patently untimely.

- 4 -

[Rule 1925(b) s]tatement . . . are waived"); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.") (internal citations, quotations, and corrections omitted) (some internal capitalization omitted); ***see also In re L.M.***, 923 A.2d 505, 509 (Pa. Super. 2007) ("[i]f an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived"). We find no error and, accordingly, we affirm. ***Barndt***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2022