J-A07011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY WILLIAMS :
:
Appellant : No. 1264 EDA 2022

Appeal from the PCRA Order Entered April 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007651-2009

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 12, 2023**

Appellant, Anthony Williams, appeals from the April 28, 2022 Order entered in the Philadelphia County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm the trial court's denial of the petition on Appellant's first claim and remand to the trial court for a hearing on Appellant's second and third claims.

The relevant facts and procedural history are, briefly, as follows. On November 5, 2008, a Philadelphia police officer noticed three males, later identified as Bruce Holloman ("Victim"), Taylor James, and Harum Ulmer, standing near a Buick. The officer saw another male, later identified as Appellant, standing across the street from the Buick. Soon after, he witnessed Appellant chasing and fatally shooting Victim.

Immediately after the shooting, the officer observed Gerard Butler move from the backseat of the Buick to the driver's seat and attempt to drive away before police officers stopped him. Mr. Butler subsequently testified that he saw Appellant shoot Victim.

Officers also stopped Mr. James near the shooting. Mr. James initially signed a statement identifying Appellant as the shooter but, at trial, he recanted the statement, claiming that detectives had coerced his statement that Appellant was the shooter.

In March 2011, a jury found Appellant guilty of Murder of the Third Degree and Possession of an Instrument of Crime ("PIC").[1] The court sentenced Appellant to 18 to 36 years of incarceration for the Murder conviction and a consecutive term of 2½ to 5 years for the PIC conviction. This Court affirmed Appellant's judgment of sentence in April 2013, and the Supreme Court denied allowance of appeal on November 13, 2013.[2]

Appellant timely filed his first PCRA petition, which the PCRA court dismissed. This Court affirmed, and the Supreme Court denied review.[3]

In July 2019, Appellant filed the current PCRA Petition, alleging he was entitled to a new trial based on newly discovered facts that would support his

---

[1] 18 Pa.C.S. §§ 2502(c) and 907, respectively.

[2] *Commonwealth v. Williams*, No. 1308 EDA 2011 (Pa. Super. filed April 16, 2013), *appeal denied*, 80 A.3d 777 (Pa. 2013).

[3] *Commonwealth v. Williams*, No. 411 EDA 2016 (Pa. Super. filed Feb. 14, 2017), *appeal denied*, 170 A.3d 1053 (Pa. 2017).

claim of innocence. Counsel entered her appearance in January 2020 and filed an amended PCRA petition reiterating Appellant's claims.

For Appellant's first claim, he alleged that in March 2019, he received information that Khayree Reid was an eyewitness to the murder and that in November 2008, Philadelphia Homicide Detective James Pitts had interrogated Mr. Reid and Mr. Reid had told Detective Pitts that Appellant was not the shooter. According to Appellant, Detective Pitts failed to document this exculpatory information. Appellant further alleged that Detective Pitts "gripped [Mr. Reid] up a few times" to coerce Mr. Reid to make a statement identifying Appellant as the shooter, which Mr. Reid claimed he resisted.[4]

Appellant's next two claims are based on the allegation that in other cases, courts have found that Detective Pitts and other members of the Philadelphia Police Homicide Division ("Homicide Division") engaged in a pattern and practice of unlawful interrogations of witnesses and the Commonwealth has stipulated in other cases to Detective Pitts' misconduct.[5] He also alleged that the Commonwealth failed to disclose additional misconduct by Detective Pitts, which he asserted constituted "governmental interference."[6]

---

[4] PCRA Petition, 7/22/19, Appendix A (Affidavit of Reid, 6/6/19, at ¶ 11-12).

[5] Amended Motion for Post Conviction Relief Pursuant to the [PCRA], 8/5/2020, at 14.

[6] *Id.* at 33.

On March 10, 2022, the PCRA court held an evidentiary hearing at which only Appellant testified.  That same day, the court issued a Pa.R.A.P. 907 Notice of Intent to Dismiss providing Appellant twenty days to respond.

In response, Appellant noted that the PCRA court had not addressed his second and third claims relating to the pattern and practice of unlawful interrogation of the Homicide Division and Detective Pitts.  To remedy this deficiency, the court held another hearing on April 28, 2022.  The PCRA court, however, merely announced its decision to dismiss Appellant's second and third claims and failed to hear any evidence regarding Appellant's due diligence to ascertain this claim or facts supporting the alleged pattern and practice of unlawful interrogations.

On May 4, 2022, Appellant filed a timely Notice of Appeal.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

1. Did the PCRA [c]ourt err when it found that [] Appellant did not use reasonable diligence in presenting the testimony of newly discovered witness Khayree Reid and did not hear testimony from Reid?

2. Did the PCRA [c]ourt err when it failed to consider, without a hearing, newly discovered evidence of an unconstitutional interrogation pattern and practice within the Homicide Division that was used in the instant case which was not disclosed by the Commonwealth[?]  This claim was properly before the PCRA [c]ourt but not discussed in the [c]ourt's 907 Notice[.]

3. Did the PCRA [c]ourt err when it failed to consider, without a hearing, newly discovered evidence of a history of misconduct by Det. Pitts was not disclosed by the Commonwealth due to governmental interference[?]  This claim was properly before the PCRA [c]ourt but not discussed in the [c]ourt's 907 Notice[.]

- 4 -

Appellant's Br. at 2.

**A.**

In reviewing a PCRA court's denial of relief, we determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Id.* While we are bound by the PCRA court's credibility determinations and the factual findings if supported by the record, we review legal conclusions *de novo*. *Id.*

For a PCRA court to have jurisdiction to address the merits of the claims raised in a PCRA petition, the petitioner must file the petition within one year of when his or her sentence becomes final or satisfy one of the three exceptions to the jurisdictional time bar. 42 Pa.C.S. § 9545(b)(1). For claims arising after December 24, 2017, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). The petitioner bears the burden of pleading and proving the applicability of an exception. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

In this case, Appellant admits that his petition is facially untimely. He maintains, however, that the PCRA court has jurisdiction for several reasons. First, Appellant argues that Mr. Reid's information that Mr. Reid told Detective Pitts that Appellant was not the shooter meets the "newly discovered fact"

- 5 -

exception to the jurisdictional bar.  Appellant also argues that his claim that the Homicide Division and Detective Pitts engaged in a pattern and practice of unconstitutional interrogations meets the newly discovered fact or the governmental interference exceptions provided in 42 Pa.C.S. § 9545(b)(1)(i) and (ii).  We will address the three claims *seriatim.*

**B.**

Appellant first contends that the PCRA court erred when it found that Appellant did not use due diligence in ascertaining the "newly discovered fact" regarding Detective Pitts' interrogation of Mr. Reid.  We highlight the fact that Detective Pitts interrogated Mr. Reid in 2008 and Appellant claims that he did not discover this fact until 2019.

To overcome the PCRA jurisdictional bar for "newly discovered facts," the burden is on the petitioner to prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. § 9545(b)(1)(ii). The Pennsylvania Supreme Court has "explained that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim.  Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts."  **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted).  "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence."  **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

- 6 -

Due diligence demands "neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted).

The trial court concluded that Appellant failed to establish that he exercised due diligence to ascertain the facts of Detective Pitts' alleged 2008 interrogation of Mr. Reid. As an initial matter, the trial court found Appellant's testimony at the PCRA hearing that Appellant did not learn about Mr. Reid until 2019 not credible.[7] PCRA Ct. Op., 7/1/22, at 5. The PCRA court instead relied upon Mr. Reid's affidavit where Mr. Reid stated that he and Appellant were together moments before the shooting and had been lifelong friends. *Id.* The trial court concluded that if Mr. Reid and Appellant were together moments before the shooting and they had been lifelong friends, Appellant knew that Mr. Reid was a potential witness of the 2008 shooting and, thus, failed to show that he used due diligence to ascertain Mr. Reid's information about Detective Pitts' alleged 2008 interrogation of Mr. Reid. *Id.*

Since we must accept the trial court's credibility determination regarding Appellant's testimony and the weight the PCRA court placed on the affidavit, we must affirm the trial court's finding that Appellant failed to establish that

_____

[7] At the second hearing on this matter, the PCRA court further opined that "this witness [Kyree Reid] was really not a real witness. It was conjured and []he never had any contact with Detective Pitts in the first place based on the testimony presented at the [first] hearing." N.T. Hr'g, 4/28/2022, at 9-10.

- 7 -

he used due diligence to ascertain the assertions regarding Detective Pitts' 2008 interrogation of Mr. Reid. Thus, the trial court properly found that Appellant failed to meet the jurisdictional bar for his first claim, and we affirm the trial court's dismissal of the PCRA petition on this claim.

**C.**

In his next two issues, Appellant asserts that he is entitled to a new trial based on "newly discovered evidence of an unconstitutional interrogation pattern and practice within the Homicide Division" as well as "a history of misconduct by [Detective] Pitts that was not disclosed by the Commonwealth due to governmental interference[.]" Appellant's Br. at 2. Appellant bases his claims regarding the Homicide Division's unconstitutional pattern and practice of interrogation and Detective Pitts' additional misconduct on the findings of other courts and the Commonwealth's stipulations in other cases.[8] He maintains that this new information about the pattern and practice of the Homicide Division and Detective Pitts is relevant and entitles him to a new trial because it bolsters Mr. James' recantation testimony at trial and supports

---

[8] Specifically, he cites to a 2018 unpublished decision of the Philadelphia Court of Common Pleas finding in an unrelated case that the Homicide Division engaged in a pattern and practice of unconstitutional interrogation techniques and other misconduct. Appellant's Br. at 24-25 (citing ***Commonwealth v. Dwayne Thorpe***, CP-51-CR-0011433-2008). Appellant also relies on other cases in which the Commonwealth stipulated that Homicide Division detectives engaged in aspects of the identified pattern and practice. ***Id.*** at 26-29. He additionally observes that, in March 2018, the Philadelphia District Attorney's Office disclosed that Detective Pitts had been placed on a "Do Not Call" list, which identified officers whom the Commonwealth would not call at trial due to their past investigatory misconduct and that Detective Pitts is facing charges for misconduct. ***Id.*** at 45-47.

Mr. Reid's averments regarding his alleged interrogation by Detective Pitts. *Id.* at 34-35.

Although the PCRA court scheduled a "hearing" on April 28, 2022, to address these two other claims of unlawful interrogations and misconduct, the court merely announced its decision, finding that Appellant was not entitled to any relief. The PCRA court reasoned that since the court did not find Appellant credible at the first hearing on the first claim and Appellant presented no other witnesses at that hearing, "then it logically follows that any evidence regarding Detective Pitts' misconduct or the alleged unconstitutional pattern and practice of the Philadelphia Police Homicide Unit is not relevant to this claim." PCRA Ct. Op. at 7. The PCRA court concluded that Appellant has "failed to present evidence and meet his burden to establish that Detective Pitts' misconduct satisfies the new fact exception in this case." *Id.*

Since the PCRA court heard no evidence at the second hearing regarding the factual basis for the allegations of unconstitutional interrogations, when Appellant learned of them, and Appellant's due diligence in ascertaining the factual basis for the allegations, the record is devoid of facts to support the trial court's conclusion. We are, thus, constrained to reverse the PCRA court's decision to dismiss these two claims and remand for a hearing on both.[9]

_____

[9] We note that the trial court will have to address whether the evidence of misconduct set forth in the opinion in **Thorpe, supra** and the various
*(Footnote Continued Next Page)*

Order denying PCRA Petition affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023

---

stipulations are admissible under the hearsay rule and other rules of evidence. Additionally, even if admissible, we take no position regarding the relevancy of that information to Appellant's two claims or Appellant's due diligence to ascertain these claims. We leave it to the PCRA court to determine these evidentiary issues.