J-S03008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER | : | |
| | : | |
| Appellant | : | No. 1384 MDA 2023 |

Appeal from the PCRA Order Entered September 25, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001511-2017

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: FEBRUARY 14, 2024**

Appellant, Brandon Ross Snyder, appeals *pro se* from the order entered on September 25, 2023, dismissing his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-9546 (PCRA). We affirm.

Previously, we summarized the facts and procedural history of this case as follows. "On April 3, 2019, a jury convicted Appellant of one count each of aggravated assault - police officer, resisting arrest or other law enforcement, criminal mischief – real or personal property, and two counts each of simple assault and harassment. [18 Pa.C.S.A. §§ 2702(a)(3), 5104, 3304(a)(5), 2701(a)(1), 2709(a)(1), respectively]." *See Commonwealth v. Snyder*, 2020 WL 1245129, at *1 (Pa. Super. 2020) (non-precedential decision). On May 17, 2019, the trial court sentenced Appellant to an aggregate term of three to six years of imprisonment. *Id.* Appellant filed a timely *pro se* post-sentence motion on May 22, 2019. *Id.* Appellant's "judgment of

sentence became an appealable final order following the entry of the trial court's May 24, 2019 [o]rder denying his *pro se* post-sentence [m]otion." ***Id.*** Therefore, Appellant had until June 24, 2019 to file a timely notice of appeal. ***Id.*** Instead, Appellant filed a *pro se* PCRA petition three days later, on June 27, 2019. ***Id.*** "On July 11, 2019, the PCRA court denied [Appellant's] *pro se* PCRA [p]etition based on its mistaken belief that his *pro se* post-sentence [m]otion was still pending." ***Id.*** However, on appeal, we noted that Appellant's "*pro se* PCRA [p]etition was, in fact, timely filed after his judgment of sentence became final" and we remanded for "the appointment of counsel and consideration of his [PCRA] claims." ***Id.*** The PCRA court appointed counsel and held an evidentiary hearing on November 5, 2020. ***See Commonwealth v. Snyder***, 262 A.3d 508, at *3 (Pa. Super. 2021) (non-precedential decision). On December 30, 2020, the PCRA court dismissed Appellant's PCRA petition and Appellant timely appealed. ***Id.*** at *4. On August 17, 2021, we affirmed the dismissal of Appellant's first PCRA petition and permitted appointed counsel to withdraw. ***Id.*** at *6. Appellant did not appeal that determination.

On September 7, 2021, Appellant filed a second PCRA petition alleging PCRA counsel provided ineffective assistance of counsel. On January 18, 2022, Appellant filed another PCRA petition "that the PCRA court treated [] as an amendment to his September 7, 2021 petition." ***Commonwealth v. Snyder***, 289 A.3d 60, at *1 (Pa. Super. 2022) (non-precedential decision). "On April 20, 2022, the PCRA court entered an order and opinion dismissing

- 2 -

Appellant's January 18, 2022 PCRA petition [and finding] Appellant had raised claims that were previously litigated in Appellant's first PCRA petition and indicated that this Court had properly allowed [prior PCRA counsel] to withdraw on collateral appeal." *Id.* at *2. On November 10, 2022, we affirmed the PCRA court's decision on different grounds, recognizing that Appellant's second PCRA petition was untimely and that he did not invoke any of the exceptions to the PCRA's one-year jurisdictional timing requirement. *Id.* at *2-3. Our Supreme Court thereafter denied Appellant's petition for allowance of appeal. *See Commonwealth v. Snyder*, 298 A.3d 380 (Pa. 2023).

On August 16, 2023, Appellant filed the instant *pro se* motion, alleging his innocence, which the PCRA court treated as a third PCRA petition. On September 25, 2023, after giving requisite notice and a chance to respond under Pa.R.Crim.P. 907, the PCRA court issued an order and opinion dismissing Appellant's petition without an evidentiary hearing. The PCRA court concluded that Appellant's claims were either previously litigated or waived. Appellant filed a timely *pro se* notice of appeal on October 2, 2023.

Before examining the merits of Appellant's appeal, we note that Appellant's "judgment of sentence became final on June 24, 2019 and Appellant was required to file a timely [PCRA] petition within one year of that date." *Snyder*, 289 A.3d 60, at *2. As such, Appellant's current PCRA petition filed in August 2023 is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) (Generally, a PCRA petition "including a second or subsequent

petition, shall be filed within one year of the date the judgment of sentence becomes final."); *see also* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review."). Pennsylvania courts may consider an untimely PCRA petition if the petitioner expressly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *see also Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). Here, Appellant was required to plead and prove that one of the PCRA's timeliness exceptions applied in order to overcome the PCRA time-bar; in fact, Appellant does not meaningfully discuss the PCRA's timeliness exceptions at all.[1]

---

[1] Appellant makes a passing reference to the governmental interference exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), appearing to suggest that he validly invoked Section § 9545(b)(1)(i) because the court refused to grant recusal and counsel failed to litigate the issue. *See* Appellant's Brief at 4-10. Appellant, however, has not explained how the actions of counsel or the court interfered with his efforts to raise the issues presented in the instant petition previously. Hence, we reject Appellant's bald effort to invoke the governmental interference exception, as neither the PCRA court nor counsel can generally be viewed as government officials for purposes of 42 Pa.C.S.A. § 9545(b)(1)(i). *See Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999) (noting that Section 9545(b)(4) excludes defense counsel as government officials); *see also Commonwealth v. Quinn*, 276 A.3d 232,
*(Footnote Continued Next Page)*

"[E]ven where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019) (citation omitted). Even though the PCRA court found Appellant's issues had been previously litigated or waived, we may affirm on any basis appearing of record. **See Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*). Here, we affirm the PCRA court's dismissal order because Appellant's third petition for collateral relief was patently untimely and he failed to establish that the filing was subject to an exception found at 42 Pa.C.S.A. § 9545(b)(1).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024

---

*2-*3 (Pa. Super. 2022) (non-precedential decision) (rejecting petitioner's effort to invoke governmental interference exception found at Section 9545(b)(1)(i) based upon PCRA court's disposition of prior petitions).