J-S22042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY MARIO GUZZO | : | |
| | : | |
| Appellant | : | No. 244 MDA 2025 |

Appeal from the PCRA Order Entered February 5, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004481-2019

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED: AUGUST 14, 2025**

Appellant Tony Mario Guzzo appeals the order of the Court of Common Pleas of Dauphin County dismissing Appellant's petition pursuant to the Post Conviction Relief Act (PCRA) as untimely filed.[1] We affirm.

On November 21, 2021, Appellant entered a negotiated guilty plea to four counts of Possession of Child Pornography (18 Pa.C.S.A. § 6312(d)) and one count of Criminal Use of a Communication Facility (18 Pa.C.S.A. § 7512(a)). Appellant was induced to enter this plea by the Commonwealth's promise to waive the mandatory life sentence for a third strike sexual offender conviction. On February 17, 2022, the trial court imposed an aggregate term of fifteen (15) to thirty (30) years' imprisonment with ten years' consecutive probation. Appellant did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On November 22, 2022, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who subsequently filed a no-merit letter and a petition to withdraw. On April 12, 2023, the PCRA court issued Appellant notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted counsel permission to withdraw. On May 10, 2023, the PCRA court entered a final order dismissing Appellant's first PCRA petition. Appellant did not appeal the denial of his first PCRA petition.

On August 16, 2023, Appellant filed a *pro se* Motion for Time Credit and Motion for Return of Property, which the trial court denied on August 28, 2023. Although Appellant appealed that denial, this Court dismissed the appeal on March 14, 2024 due to Appellant's failure to file a brief.

On September 3, 2024, Appellant filed the instant PCRA petition, raising various claims of ineffectiveness of counsel. On December 27, 2024, the PCRA court filed its Rule 907 notice. On January 12, 2025, Appellant filed a reply to the Rule 907 notice. On February 5, 2025, the PCRA court filed a final order dismissing the instant appeal. This timely appeal followed.

As a preliminary matter, we must evaluate whether the instant PCRA petition meets the PCRA timeliness requirements. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of

the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As Appellant was sentenced on February 17, 2022 and he did not file a direct appeal, Appellant's judgment of sentence became final thirty days later on March 19, 2022 and Appellant had until March 19, 2023 to file a timely PCRA petition. The instant petition, filed on September 3, 2024, was approximately one and a half years too late.

However, while Appellant cites to the PCRA timeliness exceptions in his appellate brief, he makes no attempt to demonstrate how one of these exceptions applies to the case at bar. Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. *Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). Accordingly, as Appellant has not proven that one of the PCRA

timeliness exceptions applies to his petition, we conclude that we have no jurisdiction to further consider Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/14/2025